# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

July 22, 2011

141888 & (34)(35)

RENEE S. HARMON,
        Plaintiff-Appellant,

v

                                        SC: 141888
                                        COA: 297968
TAMMY L. DAVIS,                             Wayne CC: 10-101368
        Defendant-Appellee.

_____/

       On order of the Court, the motions for leave to file brief amicus curiae are GRANTED. The application for leave to appeal the July 8, 2010 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

       MARILYN KELLY, J. (*dissenting*).

       I dissent from the order denying plaintiff's application for leave to appeal. This child custody case involves issues of great jurisprudential significance, including (1) the scope of the "equitable parent" doctrine established in *Atkinson v Atkinson*[1] and interpreted by this Court in *Van v Zahorik*,[2] (2) whether *Van*'s interpretation of the Child Custody Act (CCA)[3] violates plaintiff's constitutional rights, and (3) whether the combined effect of the CCA and the marriage amendment of the Michigan Constitution unlawfully denies plaintiff standing.[4] The application for leave to appeal should be granted.

---

[1] *Atkinson v Atkinson*, 160 Mich App 601 (1987).

[2] *Van v Zahorik*, 460 Mich 320 (1999).

[3] MCL 722.21 *et seq*.

[4] Const 1963, art 1, § 25.

FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant had a same-gender domestic relationship for 19 years, during which time defendant bore three children through artificial insemination. The relationship ended in 2008, and plaintiff moved out of their shared residence. A period of shared parenting ensued, although the parties disagree about its length and about whether they had an agreement concerning parenting time. Eventually, defendant refused plaintiff any parenting time.

Plaintiff filed a petition seeking enforcement of what she alleged had been the parties' agreed custody arrangement and parenting time. She alleged that they had a "*de facto* legal custody arrangement" from the time she moved out of their home until September 2009. Plaintiff further claimed that, after that date, defendant had unreasonably refused to allow her any parenting time with their children. Plaintiff later amended her petition to raise numerous constitutional claims and request a court determination that she has standing as a parent to seek custody of and parenting time with the children.

After argument of counsel, the court ruled that plaintiff lacked standing as a "third person" under the CCA. It opined that she might have standing as a "natural parent" on the basis of her past assumption of parental obligations. Thus, it scheduled an evidentiary hearing to determine whether the parties had an agreement that both would raise the children. The court indicated that, if they had such an agreement, it would hold a best-interests hearing to determine custody, support, and parenting time issues.

Defendant sought leave to appeal in the Court of Appeals, which reversed the trial court's decision by peremptory order. It held that plaintiff did not have standing under any theory.[5] On remand, the trial court dismissed the case.

LEGAL BACKGROUND

The CCA defines "parent" as "the natural or adoptive parent of a child"[6] and a "third person" as "an individual other than a parent."[7] MCL 722.26c sets forth the circumstances in which a third person may bring an action for custody under the CCA.[8]

---

[5] *Harmon v Davis*, unpublished order of the Court of Appeals, entered July 8, 2010 (Docket No. 297968).

[6] MCL 722.22(h).

[7] MCL 722.22(j).

[8] MCL 722.26c provides in relevant part:

In *Atkinson*, the Court of Appeals recognized the doctrine of equitable parenthood. Under that doctrine, Michigan courts recognize a legal relationship between a de facto parent and a child "when [the de facto parent] desires such recognition and is willing to support the child [and] wants the reciprocal rights of custody or visitation afforded to a parent."[9]

This Court considered the scope of the equitable-parent doctrine in *Van*.[10] The majority declined to extend the equitable-parent doctrine to parties who were never married to one another. Because the CCA provided no basis for the children's de facto father to sue for custody, the majority concluded that he lacked standing to bring a paternity action.[11]

In 2004, Michigan voters approved Proposal 2, the marriage amendment to the Michigan Constitution, now article 1, section 25. It provides that "the union of one man and one woman in marriage shall be the only agreement recognized as a marriage or similar union for any purpose."

---

(1) A third person may bring an action for custody of a child if the court finds either of the following:

(a) Both of the following:

(*i*) The child was placed for adoption with the third person under the adoption laws of this or another state, and the placement order is still in effect at the time the action is filed.

(*ii*) After the placement, the child has resided with the third person for a minimum of 6 months.

(b) All of the following:

(*i*) The child's biological parents have never been married to one another.

(*ii*) The child's parent who has custody of the child dies or is missing and the other parent has not been granted legal custody under court order.

(*iii*) The third person is related to the child within the fifth degree by marriage, blood, or adoption.

MCL 722.26b(1) also grants "a guardian or limited guardian of a child" standing to bring a CCA action. Because plaintiff is not and has never been a guardian of the children who are the subject of this dispute, MCL 722.26b is irrelevant to the instant case.

[9] *Atkinson*, 160 Mich App at 610.

[10] I dissented from the majority opinion in *Van*, as did Justice BRICKLEY, joined by Justice CAVANAGH.

[11] *Van*, 460 Mich at 331.

## ISSUES RAISED

Plaintiff raises several related claims in asserting that she has standing to seek custody of the minor children in this case. First, she claims that the Court of Appeals erroneously interpreted *Van* as excluding her from consideration as a natural parent under the CCA. Plaintiff argues that, because Michigan law recognizes the equitable-parent doctrine, she is entitled to the benefit of that doctrine because she is a de facto parent of the children.

Second, plaintiff alleges that *Van*'s interpretation of the CCA's standing requirements violates her equal protection and due process rights. Moreover, she asserts that *Van*'s interpretation of the CCA is unconstitutional because that interpretation, coupled with the subsequent enactment of the marriage amendment, leaves no legal way for her to acquire standing. This is so because, to have standing as a parent under the CCA, one must qualify as a natural parent or an adoptive parent. Plaintiff cannot legally marry defendant in this state, and Michigan does not currently allow second-parent adoption. Thus, plaintiff contends, the current legal scheme is irrationally discriminatory in that it discriminates against plaintiff and others who are similarly situated.

## CONCLUSION

Plaintiff's application raises significant constitutional questions that this Court has not yet considered. Courts across the country are grappling with similar issues.[12] Their jurisprudential significance is underscored by the fact that the ACLU Fund of Michigan and Family Watch International have already filed briefs amicus curiae.

Yet the majority today declines to consider plaintiff's arguments and lets stand a peremptory order from the Court of Appeals that does not address plaintiff's constitutional claims. This case cries out for a ruling by the state's highest court.

CAVANAGH and HATHAWAY, JJ., would grant leave to appeal.

---

[12] See, e.g, *VC v MJB*, 163 NJ 200 (2000); *Jones v Barlow*, 154 P3d 808 (Utah, 2007).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 22, 2011

Clerk

p0719